UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
:
ALADDIN CAPITAL HOLDINGS LLC,             :
:           CIVIL ACTION NO.
Plaintiff,                :
:
v.                                        :
:
HARUMI AOTO DONOYAN,                      :
:           APRIL 25, 2011
Defendant.                :
---------------------------------------------------------------x

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(a), Plaintiff Aladdin Capital Holdings LLC (referred to hereinafter as "ACH"), in accordance with the claims for relief stated in its Complaint, respectfully moves this Court to issue against Defendant Harumi Aoto Donoyan ("Ms. Donoyan") the following preliminary injunctive relief, in the form annexed hereto as Exhibit A, prohibiting Ms. Donoyan from further violating her post-employment restrictive covenants set forth in Section 8 of her Separation Agreement.

ACH's reasons for requesting a preliminary injunction are set forth in its Complaint and attached Memorandum of Law submitted herewith. As set forth more fully therein, injunctive relief is necessary to preserve and protect ACH's business relationships and opportunities with its customers, including but not limited to Yamasa Co., Ltd. ("Yamasa"). Unless and until restrained by order of this Court by means of the Preliminary Injunction requested herein, Ms. Donoyan will continue to violate her post-employment restrictive covenants. As a result of such continued violations of Ms. Donoyan's post-employment restrictive covenants ACH will suffer significant and irreparable harm. ACH is without an adequate remedy at law because Ms.

Donoyan's continued violations of her post-employment restrictive covenants will cause ACH to suffer further irreparable harm to its business relationships and opportunities with its customers, the extent of which will be difficult to measure. In addition, the facts set forth in the Complaint demonstrate that there is a likelihood of success on the merits and that the balance of hardships weighs in favor of Plaintiff. As such, good cause exists to issue the requested preliminary injunction without bond.

                      **PLAINTIFF,**
                      **ALADDIN CAPITAL HOLDINGS LLC**


                By /s/ Daniel L. Schwartz
                   Daniel L. Schwartz (ct 09862)
                   Jaclyn K. Leung (ct 27399)
                   Day Pitney LLP
                   One Canterbury Green
                   Stamford, CT 06901-2047
                   Phone: (203) 977-7300
                   dlschwartz@daypitney.com
                   jleung@daypitney.com
                   Its Attorneys

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
: 
ALADDIN CAPITAL HOLDINGS LLC,   :
: CIVIL ACTION NO.
        Plaintiff,   :
:
v.   :
:
HARUMI AOTO DONOYAN,   :
: _____, 2011
        Defendant.   :
---------------------------------------------------------------x

## ORDER GRANTING PRELIMINARY INJUNCTION

    WHEREAS, upon motion of Plaintiff Aladdin Capital Holdings LLC ("ACH" or "Plaintiff") for a preliminary injunction, it appears that irreparable injury will result to Plaintiff unless the requested preliminary injunction is granted forthwith; and

    WHEREAS, Plaintiff has alleged in its Complaint that Defendant Harumi Aoto Donoyan ("Ms. Donoyan" or "Defendant") has violated her post-employment restrictive covenants in violation of the Separation Agreement that she entered into with Plaintiff; and

    WHEREAS, it appears that Defendant's continued violations of her post-employment restrictive covenants will cause irreparable injury to Defendant's business relationships and opportunities with its customers, including but not limited to Yamasa Co., Ltd.; and

    WHEREAS, Plaintiff is without an adequate remedy at law because Ms. Donoyan's continued violations of her post-employment restrictive covenants will cause ACH to suffer further harm to its business, the extent of which will be difficult to measure; and

    WHEREAS, good cause exists for ordering Ms. Donoyan to comply with the post-employment restrictive covenants set forth in the written Separation Agreement that she signed.

NOW, THEREFORE, it is hereby ORDERED that until further Order of this Court, the following preliminary relief shall issue:

1. Defendant is enjoined from becoming engaged as an employee, or otherwise providing services to Valcour Capital Holdings LLC, Valcour Holdings LLC, Valcour Capital Management LLC and/or Valcour Securities LLC (collectively, "Valcour"), Marinus Capital Holdings LLC, Marinus Capital LLC, Marinus Capital Management LLC and/or Marinus Securities LLC (collectively, "Marinus") and/or affiliates or subsidiaries of Valcour and Marinus (collectively referred to hereinafter as the "Competitors"); and

2. Defendant is enjoined from receiving or accepting any payments or compensation of any kind from the Competitors; and

3. Defendant is enjoined from directly or indirectly contacting or soliciting any customers of ACH and its subsidiaries, including but not limited to Yamasa; and

4. Defendant is enjoined from directly or indirectly contacting or attempting to induce any customer of ACH or its subsidiaries, including but not limited to Yamasa, to redeem its investments or terminate or reduce his, her or its relationship with ACH or its subsidiaries.

By the Court,

_____
United States District Judge

_____
Date