UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------------x
                                                    :
ALADDIN CAPITAL HOLDINGS LLC,                       :
                                                    :      CIVIL ACTION NO.
                Plaintiff,                          :
                                                    :
                                                    :
v.                                                  :
                                                    :
                                                    :
HARUMI AOTO DONOYAN,                                :
                                                    :      APRIL 25, 2011
                Defendant.                          :
-----------------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Aladdin Capital Holdings LLC (referred to hereinafter as "ACH") submits this

memorandum of law in support of its Motion for Expedited Discovery in the above-referenced

matter.

**FACTUAL BACKGROUND**

As is alleged in detail in Plaintiff's Complaint, this is an action for declaratory judgment

and injunctive relief arising from Ms. Donoyan's willful and intentional violations of her post-

employment restrictive covenants contained in her written Separation Agreement with ACH.  Ms.

Donoyan was employed by ACH for approximately ten (10) years and for much of that time, her

job title was Senior Managing Director, Japan Sales and Marketing. In or about April 2010, ACH and Ms. Donoyan agreed that she would resign from her employment pursuant to the terms of a Separation Agreement. Under the terms of that Separation Agreement, ACH agreed to provide Ms. Donoyan with certain payments, benefits and incentive compensation in exchange for Ms. Donoyan's agreement to seek on behalf of ACH additional investments from a specific customer in Japan, Yamasa Co., Ltd. ("Yamasa"), and to comply with certain post-employment restrictive covenants for one year (hereinafter the "Prohibited Period").

ACH recently learned that, during the Prohibited Period, Ms. Donoyan has been violating her post-employment restrictive covenants by providing services to competitors of ACH for compensation. More specifically, Ms. Donoyan has been working on behalf of Valcour Capital Holdings LLC, Valcour Holdings LLC, Valcour Capital Management LLC and/or Valcour Securities LLC (collectively, "Valcour"), Marinus Capital Holdings LLC, Marinus Capital LLC, Marinus Capital Management LLC and/or Marinus Securities LLC (collectively, "Marinus") and/or affiliates or subsidiaries of Valcour and Marinus (collectively referred to hereinafter as the "Competitors"). The majority owners of Valcour and Marinus are, directly or indirectly, two former executives and members of ACH, George Marshman and Joseph Schlim. Ms. Donoyan has solicited and is continuing to solicit business on behalf of the Competitors from Yamasa, the same customer in Japan she previously had solicited on behalf of ACH. In addition, Ms. Donoyan has induced Yamasa to redeem approximately $60 million from its prior investment in funds

managed by ACH.  In order to develop further evidence of Ms. Donoyan's violation of her post-employment obligations, ACH seeks expedited discovery on the claims it has alleged in its Complaint.

## ARGUMENT

Rule 26(d) of the Federal Rules of Civil Procedure allows discovery to be conducted in advance of the discovery planning conference required by Rule 26(f) upon order of the Court. Here, limited expedited discovery in advance of a hearing on ACH's motion for preliminary injunction is necessary to enable ACH to present a more complete factual picture of Ms. Donoyan's intentional and willful violation of her post-employment restrictive covenants.

Courts generally authorize expedited discovery under Rule 26(d) upon a showing of good cause. Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326 (S.D.N.Y. 2005).  Good cause is frequently found where a plaintiff seeks preliminary relief.  See, e.g., United States SEC v. Nicholson, 2009 U.S. Dist. LEXIS 15509 (S.D.N.Y. Feb. 25, 2009) (good causes exists where plaintiff sought a preliminary injunction prohibiting defendants from dissipating, concealing, or transferring from the court's jurisdiction assets which might be subject to any relief awarded in the action) ; Revlon Consumer Products Corp. v. Jennifer Leather Broadway, Inc., 858 F. Supp. 1268, 1269 (S.D.N.Y. 1994), aff'd, 57 F.3d 1062 (2d Cir. 1995)  (good cause exists where plaintiff sought a preliminary injunction).  In addition, courts have granted motions for expedited discovery where a movant has shown some evidence that the injury that will result without the requested

expedited discovery will be greater than the injury to the defendant if expedited discovery is granted.  See Federal Express Corp. v. Federal Espresso, Inc., 1997 U.S. Dist. LEXIS 19144 (N.D.N.Y Nov. 24, 1997).

Here, good cause exists for granting ACH's motion for expedited discovery as ACH is seeking preliminary injunctive relief in conjunction with its Complaint in which it seeks to prohibit Ms. Donoyan from further breaching her post-employment restrictive covenants.  Such expedited discovery is necessary in order to enable the parties to prepare for a hearing on ACH's motion for preliminary injunction.  Such expedited discovery also serves the interest of judicial efficiency as it will enable the parties to narrow the issues and focus the evidence at the preliminary injunction hearing.

As set forth in its Complaint in this action, ACH learned that, during the Prohibited Period, Ms. Donoyan has been or will be compensated by the Competitors.  It also has received evidence that one of ACH's customers with which Ms. Donoyan had considerable contact, Yamasa, made substantial investments in funds managed by the Competitors.  Yamasa also recently informed ACH that it intends to redeem approximately $60 million that it previously had invested in funds managed by ACH.  These events are circumstantial evidence that indicate that Ms. Donoyan has breached her post-employment restrictive covenants.  Based on this circumstantial evidence, ACH is requesting that this Court grant its motion for expedited discovery so that it can seek more direct evidence of Ms. Donoyan's breaches of her post-employment obligations.  Such evidence may

include, but not be limited to:  (i) payments that Ms. Donoyan received either directly or indirectly from the Competitors during the Prohibited Period; (ii) Ms. Donoyan's communications with the Competitors during the Prohibited Period; (iii) Ms. Donoyan's communications with Yamasa during the Prohibited Period; and (iv) investments that the Competitors received from Yamasa during the Prohibited Period.

The expedited discovery sought by ACH is necessary and appropriate to enable the parties to prepare for the Order to Show Cause Hearing regarding ACH's Motion for Preliminary Injunction.  If such expedited discovery is not ordered by this Court, ACH would be denied an opportunity to obtain evidence in support of its Motion for Preliminary Injunction.  In contrast, the requested order for expedited discovery will not cause any harm to Ms. Donoyan because it provides her with the same rights to expedited discovery as ACH.  The instant motion for expedited discovery is ancillary to ACH's Motion for a Preliminary Injunction and should be granted.

## CONCLUSION

For the foregoing reasons, ACH respectfully requests that an order issue granting expedited

discovery for the limited purpose of enabling the parties to prepare for the Order to Show Cause

Hearing regarding ACH's Motion for Preliminary Injunction.


PLAINTIFF,
ALADDIN CAPITAL HOLDINGS, LLC


By /s/ Daniel L. Schwartz
  Daniel L. Schwartz (ct 09862)
  Jaclyn K. Leung (ct 27399)
  Day Pitney LLP
  One Canterbury Green
  Stamford, CT 06901
  (203) 977-7300 Phone
  (203) 977-7301 Facsimile
  dlschwartz@daypitney.com
  jleung@daypitney.com
  Its Attorneys