**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-----------------------------------------------------------------x
                                    :

ALADDIN CAPITAL HOLDINGS LLC,     :

                                      :     CIVIL ACTION NO.
              Plaintiff,           :     3:11-CV-00655 (MRK)
                                        :

v.                                          :

                                        :

HARUMI AOTO DONOYAN,           :

                                        :     MAY 17, 2011
             Defendant.         :
-----------------------------------------------------------------x

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

As directed by the Court during the Status Conference conducted on May 13, 2011, undersigned counsel for Plaintiff Aladdin Capital Holdings LLC ("Plaintiff" or "ACH") has conferred with counsel for Defendant Harumi Aoto Donoyan ("Defendant" or "Ms. Donoyan") in an effort to agree upon a scheduling order applicable to the Preliminary Injunction Hearing in the above-captioned matter.  Counsel for Defendant has indicated, however, that she intends to file a motion to dismiss Plaintiff's motion for preliminary injunction and that Defendant will not consent to any discovery with respect to the Preliminary Injunction Hearing.  In contrast, Plaintiff seeks to proceed with the Preliminary Injunction Hearing for the reasons set forth in its Complaint, Motion for Preliminary Injunction and Memorandum of Law in Support of Motion for Preliminary Injunction, which were filed with this Court on or about April 25, 2011.

As a threshold matter, Defendant's proposed motion to dismiss appears to be a dilatory tactic in an attempt to prevent Plaintiff from conducting discovery regarding Defendant's multiple breaches of her post-employment restrictive covenants.  Counsel for Defendant has

71653613.3

stated that she intends to file a motion to dismiss asserting that this Court lacks subject matter jurisdiction on the ground that the contractual time periods applicable to Defendant's post-employment restrictive covenants have expired.  The expiration of such time periods, however, has nothing to do with subject matter jurisdiction, which is predicated in this case on diversity jurisdiction.  See Complaint at ¶ 3.  Moreover, it is well-established that a Court has the equitable authority to extend post-employment restrictive covenants where the defendant has breached such covenants.  See, e.g., United Rentals, Inc. v. Frey, Civ. No. 3:10CV1628 (HBF), 2011 U.S. Dist. LEXIS 16375 (D. Conn. Feb. 17, 2011) (granting plaintiff's motion for preliminary injunction to enforce non-competition obligations against defendant for one year from the date of the Court's order, rather than one year from the date of defendant's resignation from employment, due to defendant's breach of those obligations); TEKsystems, Inc. v. Bolton, Civ. No. RDB-08-3099, 2010 U.S. Dist. LEXIS 9651, at *28 (D. Md. Feb. 4, 2010) (granting permanent injunction to enforce non-competition obligations for 18 months *after* the expiration of the contractual obligations and noting that "if the non-compete period is not enforced through equitable extension, it could 'reward the breach of contract, encourage protracted litigation and provide an incentive to dilatory tactics.'") (internal citations omitted).[1]

Defendant's proposed motion to dismiss is without merit and should not serve as a basis for delaying either the Preliminary Injunction Hearing or the discovery needed to prepare for that Hearing.  Plaintiff does not seek to preclude Defendant from filing a motion to dismiss or from asserting any arguments in its prehearing brief to this Court.  Plaintiff simply requests that this Court not allow Defendant to avoid discovery or delay the Preliminary Injunction Hearing.  Any

---

[1] It is worth noting that the law firm representing Defendant in the case at bar, Littler Mendelson PC, represented the plaintiff in TEKsystems and successfully argued for the equitable extension of the non-competition obligations well beyond their contractual expiration dates.

such delay would exacerbate the harm arising from Defendant's wrongful conduct.  Accordingly, Plaintiff hereby submits its Proposed Scheduling Order for consideration by the Court.

## A.      Date For Preliminary Injunction Hearing

Pursuant to this Court's Order dated May 10, 2011, a hearing on Plaintiff's Motion for Preliminary Injunction (the "Preliminary Injunction Hearing") has been scheduled for June 23, 2011.  Plaintiff requests that the Preliminary Injunction Hearing proceed on that date.  If Defendant or the Court is unable to proceed on that date, Plaintiff also would be available to conduct the Preliminary Injunction Hearing on the following dates:  June 30 or July 1, 7, 8, 13, 14 or 15.

## B.      Schedule for the Production of Documents

Each Party shall have the right to propound to the other Party not more than twelve (12) separate requests, with no subparts, for the production of documents within three (3) business days of the entry of this Scheduling Order by the Court.  Responses and objections to such document requests shall be served within ten (10) business days of the receipt of such requests. In the event that the Parties are not able to resolve any disputes that may arise regarding such responses and objections, they shall promptly contact the Court to schedule a telephonic conference.

## C.      Number and Schedule for Depositions

Each Party shall be authorized to take up to three (3) depositions prior to the Preliminary Injunction Hearing.  Such depositions shall take place at mutually agreeable dates and times and will be completed no later than five (5) business days before the Preliminary Injunction Hearing.

71653613.3

**D.      Third Party Discovery**

Upon entry of this Scheduling Order by the Court, the Parties shall have the right to seek

discovery from third parties in accordance with Fed. R. Civ. P. 45.

**E.      Proposed Exhibit and Witness Lists**

The Parties shall exchange a list of proposed exhibits and witnesses no later than five (5)

business days before the Preliminary Injunction Hearing.  All exhibits which are agreed upon by

the Parties shall be submitted to the Court as joint exhibits during the Preliminary Injunction

Hearing.

**F.      Proposed Findings of Fact and Conclusions of Law**

The Parties shall simultaneously file electronically with the Court and exchange with

each other Proposed Findings of Fact and Conclusions of Law two (2) business days prior to the

Preliminary Injunction Hearing.  Each Party also shall send a courtesy copy of the Proposed

Findings of Fact and Conclusions of Law to the Chambers of Mark R. Kravitz, U.S.D.J.

Respectfully submitted,

PLAINTIFF,
ALADDIN CAPITAL HOLDINGS LLC


By: /s/ Daniel L. Schwartz_____
     Daniel L. Schwartz, Esq. (ct09862)
     Jaclyn K. Leung, Esq. (ct27399)
     Day Pitney LLP
     One Canterbury Green
     Stamford, CT 06901
     Telephone: (203) 977-7300
     Facsimile: (203) 977-7301
     dlschwartz@daypitney.com
     jleung@daypitney.com
     Its Attorneys

71653613.3

WHEREFORE, upon review of the foregoing Plaintiff's Proposed Scheduling Order, it is hereby ordered APPROVED by the Court.

SO ORDERED

_____
MARK R. KRAVITZ
United States District Court Judge
District of Connecticut

Dated: New Haven, Connecticut, on this ___ day of May, 2011

71653613.3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 17, 2011, a copy of Plaintiff's Proposed Scheduling Order was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    /s/ Daniel L. Schwartz
Daniel L. Schwartz, Esq.

71653613.3