UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
ALADDIN CAPITAL HOLDINGS LLC,    :
                                 :   CIVIL ACTION NO.
            Plaintiff,           :   3:11-CV-00655 (MRK)
                                 :
v.                               :
                                 :
HARUMI AOTO DONOYAN,             :
                                 :   MAY 18, 2011
            Defendant.           :
---------------------------------------------------------------x

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S PROPOSED SCHEDULING ORDER

Plaintiff Aladdin Capital Holdings LLC ("Plaintiff" or "ACH") hereby opposes the Proposed Scheduling Order filed by counsel for Defendant Harumi Aoto Donoyan ("Defendant" or "Ms. Donoyan") on May 17, 2011. Defendant's Proposed Scheduling Order requests that this Court delay the Preliminary Injunction Hearing until October 3, 2011. Such a delay would unfairly prejudice Plaintiff in this action and would allow Defendant to continue breaching her post-employment restrictive covenants, and irreparably harming Plaintiff, for an additional five months. Indeed, notwithstanding the pendency of this action, Defendant currently is continuing to provide services to the same competitor of Plaintiff noted in Plaintiff's Complaint, Valcour Securities LLC.[1]

---

[1] See CRD Report from FINRA regarding Defendant attached hereto in Appendix A. Although Defendant alleges in that report that she commenced employment with Valcour Securities LLC on May 9, 2011, Plaintiff believes and alleges in its Complaint that Defendant commenced providing services to Valcour many months earlier in violation of her post-employment restrictive covenants.

71654692.1

In an effort to support her dilatory tactic, Defendant incorrectly asserts that Plaintiff's requests for injunctive relief are moot. The cases that she cites for such a proposition, however, either involve very different facts, are governed by the law of a state other than Connecticut, or have been overruled by subsequent decisions. In addition, Defendant fails to cite or distinguish multiple decisions providing that a court has the equitable authority to extend post-employment restrictive covenants, including one such case from last year that was argued by the same law firm representing Defendant in this action.

For the reasons set forth herein, and in Plaintiff's Proposed Scheduling Order dated May 17, 2011, Plaintiff respectfully requests that this Court reject Defendant's Proposed Scheduling Order and accept Plaintiff's Proposed Scheduling Order.

## I.  The Expiration of the Time Periods Set Forth In Defendant's Post-Employment Restrictive Covenants Do Not Render Such Covenants Moot.

Contrary to Defendant's assertions in her Proposed Scheduling Order, the fact that Defendant concealed her breaches of her post-employment restrictive covenants until shortly before their expiration does not render moot Plaintiff's request for injunctive relief. It is well-established that courts have the equitable authority to extend post-employment restrictive covenants where the defendant has breached such covenants. See, e.g., United Rentals, Inc. v. Frey, Civ. No. 3:10CV1628 (HBF), 2011 U.S. Dist. LEXIS 16375 (D. Conn. Feb. 17, 2011) (granting plaintiff's motion for preliminary injunction to enforce non-competition obligations against defendant for one year from the date of the Court's order, rather than one year from the date of defendant's resignation from employment, due to defendant's breach of those obligations); TEKsystems, Inc. v. Bolton, Civ. No. RDB-08-3099, 2010 U.S. Dist. LEXIS 9651, at *28 (D. Md. Feb. 4, 2010) (granting permanent injunction to enforce non-competition obligations for 18 months *after* the expiration of the contractual obligations ) (internal citations

omitted); JAK Prod. Inc. v. Wiza, 986 F.2d 1080, 1090 (7th Cir. 1993) (extending former employee's non-compete period for an additional one year from the date of former employee's last breach of the non-compete agreement); ServiceMaster Residential/Commercial Servs., L.P. v. Westchester Cleaning Servs., 2003 U.S. Dist. LEXIS 1104 (S.D.N.Y. Jan. 29, 2003) (same); MedX, Inc. v. Ranger, 788 F. Supp. 288 (E.D. La. 1992) (court extended non-compete obligations where former employee was found to have violated those obligations for eight months during the two year non-compete period).[2]

The expiration of a restrictive covenant does not render the covenant moot. Several federal courts have granted a preliminary injunction to extend the restricted period as a means of equitable relief. See, e.g., PADCO Advisors, Inc. v. Omdahl, 179 F. Supp. 2d 600, 613 (D. Md. 2002) (issuing an equitable extension of a non-compete covenant beyond the covenant's original expiration date); Overholt Crop Ins. Serv. Co. v. Travis, 941 F.2d 1361, 1371-72 (8th Cir. 1991) (extending term of a covenant not to compete based upon defendant's breach of same); Premier Indus. Corp. v. Tex. Indus. Fastener Co., 450 F.2d 444, 448 (5th Cir. 1971) (affirming grant of injunction that extended restricted period beyond the expiration date of the restrictive covenant).

Indeed, it would be contrary to the interests of justice if a defendant could avoid the obligations of post-employment restrictive covenants by breaching such covenants and concealing his/her breaches until the expiration of those covenants. Such a rule would encourage both deceptive conduct by former employees and dilatory tactics by their counsel. In fact, these very concerns were raised in a 2010 federal court case in which Defendant's law firm, Littler Mendelson PC, represented the plaintiff. In that case, Littler Mendelson successfully argued that because of the defendant's breaches of his post-employment restrictive covenants, the court

---

[2] Copies of all unreported cases cited herein are attached hereto in Appendix B.

should extend those covenants for eighteen months after their expiration. See TEKsystems, Inc., 2010 U.S. Dist. LEXIS 9651 at *28 (noting that "if the non-compete period is not enforced through equitable extension, it could 'reward the breach of contract, encourage protracted litigation and provide an incentive to dilatory tactics.'") (internal citations omitted).

The cases cited by Defendant in her Proposed Scheduling Order for the proposition that Plaintiff's request for injunctive relief is moot are neither applicable to the facts of this case nor persuasive. For instance, in Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191 (Conn. Super. 1993), aff'd, 231 Conn. 272 (1994), there is no indication that the plaintiff filed a motion for a preliminary injunction. The restrictive covenants in that case expired in April 1989 and the trial court did not issue its decision until more than four years later, in August 1993. Accordingly, the Van Dyck Court awarded the plaintiff monetary damages rather than injunctive relief. Similarly, the court in Delong Corp. v. Lucas, 176 F.Supp. 104, 126 (S.D.N.Y. 1959), aff'd, 278 F.2d 908 (1960), aff'd, 364 U.S. 833 (1960), also issued its decision several years after the expiration of the non-competition provisions at issue and awarded the plaintiff approximately $650,000 in damages and injunctive relief with respect to the assignment of certain patents.

The only cases cited by Defendant that support her proposition are cases from many years ago that expressly apply the state law of jurisdictions other than Connecticut. See, e.g., A-Copy, Inc. v. Michaelson, 599 F.2d 450, 452-53 (1st Cir. 1978) (holding that Massachusetts state law does not authorize the extension of non-competition agreements); Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp., 746 F.2d 251, 252-54 (5th Cir. 1984) (applying Louisiana law); Agrigenetics, Inc. v. Rose, 62 F.3d 268 (8th Cir. 1995) (applying Nebraska law); cf. Econ. Lab. Inc. v. Donnolo, 612 F.2d 405, 408 (9th Cir. 1979) (noting that plaintiff failed to seek a preliminary injunction). Moreover, one of the cases cited by Defendant has been overruled by a

subsequent decision of the Ohio Supreme Court. See Rogers v. Runfola, 565 N.E. 2d 540, 544 (Ohio Supreme Ct. 1991) (enjoining defendants for one year from the date of the order from competing with plaintiff notwithstanding the fact that the non-compete period had expired several years earlier and specifically rejecting the holding in Moraine Indus. Supply, Inc. v. Sterling Rubber Prod. Co., 891 F.2d 133 (6th Cir. 1989)).

In contrast to the cases cited by Defendant, Connecticut state law does not bar the extension of post-employment restrictive covenants where the defendant has violated such covenants. See, e.g., United Rentals, Inc. v. Frey, Civ. No. 3:10 CV1628 (HBF), 2011 U.S. Dist. LEXIS 16375 (D. Conn. Feb. 17, 2011) (granting plaintiff's motion for preliminary injunction to enforce non-competition obligations against defendant for one year from the date of the Court's order, rather than one year from the date of defendant's resignation from employment, due to defendant's breach of those obligations); KX Industries, L.P. v. Saaski, CV-960386806S, 1997 Conn. Super LEXIS 2444 (Conn. Super. Ct. August 29, 1997) (granting preliminary injunction enjoining defendant from working for a competitor until March 10, 1998 notwithstanding the fact that defendant's non-competition obligation expired on April 23, 1997).

In light of the foregoing, this Court has the equitable authority to enjoin Defendant from continuing to harm Plaintiff and from continuing to breach her post-employment restrictive covenants. In order to exercise that authority, this Court should schedule the Preliminary Injunction Hearing as expeditiously as possible. Accordingly, Plaintiff requests that the Court adopt Plaintiff's Proposed Scheduling Order and reject Defendant's Proposed Scheduling Order.

## II. The Court's Exercise of Jurisdiction Over Plaintiff's Request For Declaratory Judgment Is Appropriate.

Defendant also has incorrectly asserted that this Court should not exercise jurisdiction over the declaratory judgment sought by Plaintiff in this case. A federal court has considerable

discretion in deciding whether to grant declaratory relief. Murphy v. Corp. Express Office Prod., 2006 U.S. Dist. LEXIS 62167 (D. Conn. Aug. 31, 2007). Based on the five factors adopted by the Second Circuit in Broadview Chm. Corp. v. Loctite Corp., 417 F.2d 998, 2001 (2d Cir. 1969) to determine whether to exercise jurisdiction, this Court should exercise jurisdiction over the declaratory relief that Plaintiff seeks in this action. Specifically, with respect to the first and second factors identified in Broadview, declaratory judgment in this matter will: (i) serve a useful purpose in settling the issues in this matter regarding the enforcement of the post-employment's restrictive covenants; and (ii) relieve Plaintiff of the uncertainty of whether Defendant will continue to breach her post-employment restrictive covenants. In addition, with respect to the remaining factors, the declaratory judgment which Plaintiff seeks in this matter: (iii) is not being used as "procedural fencing" as it is brought in conjunction with a request for injunctive relief; (iv) will not encroach on the domain of a state or foreign court; and (v) is the most effective remedy in determining Plaintiff's and Defendant's rights with respective to enforcement of the post-employment restrictive covenants at issue.

## III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court adopt Plaintiff's Proposed Scheduling Order and deny Defendant's Proposed Scheduling Order.

Respectfully submitted,

PLAINTIFF,
ALADDIN CAPITAL HOLDINGS LLC

By: /s/ Daniel L. Schwartz
    Daniel L. Schwartz, Esq. (ct09862)
    Jaclyn K. Leung, Esq. (ct27399)
    Day Pitney LLP
    One Canterbury Green
    Stamford, CT 06901
    Telephone: (203) 977-7300
    Facsimile: (203) 977-7301
    dlschwartz@daypitney.com
    jleung@daypitney.com
    Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2011, a copy of Plaintiff's Opposition to Defendant's Proposed Scheduling Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Daniel L. Schwartz
    Daniel L. Schwartz, Esq.