UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALADDIN CAPITAL HOLDINGS LLC, *Plaintiff*, | : CIVIL ACTION : No. 3:11-CV-00655 (MARK) |
| v. | |
| HARUMI AUTO DONOYAN, *Defendant.* | : MAY 19, 2011 |

### DEFENDANT'S CORRECTED PROPOSED SCHEDULING ORDER DATED MAY 17, 2011[1]

Pursuant to this Court's order dated May 13, 2011, Defendant Harumi Aoto Donoyan ("Defendant" or "Donoyan") submits this proposed scheduling order. Undersigned counsel represents that she and Plaintiff's counsel, Daniel Schwartz, discussed a scheduling order and were unable to agree upon dates. Accordingly, Defendant submits this scheduling order for the Court's consideration.

I. **Preliminary Statement, Procedural Posture, and Need for Scheduling Order to Encompass Briefing on a Motion to Dismiss Prior to Discovery or a Preliminary Injunction Hearing**

A. **Complaint and Motion for Preliminary Injunction**

Plaintiff filed this action on April 25, 2011 in two counts. Count One is a request for Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201 and 2202. Count Two requests injunctive relief in connection with Defendant's alleged breach of post-employment restrictive covenants. Defendant also filed a Motion for Preliminary Injunction and Memorandum in Support of Preliminary Injunction ("Preliminary Injunction").

---

[1] Defendant files this corrected Proposed Scheduling Order, which corrects typographical errors in Defendant's Proposed Scheduling Order dated May 17, 2011 (Doc. no. 26). No other changes have been made.

### B. Service on Plaintiff and Answer Deadline

Plaintiff was properly served on May 12, 2011. See Summons Returned Executed, docket entry #23.[2] The Answer deadline is June 2, 2011.

### C. Request for Scheduling Order to Encompass Briefing on Motion to Dismiss

#### 1. The Noncompete Agreement Has Expired and the NonSolicitation Agreement Expires Tomorrow; Therefore the Motion for Preliminary Injunction is Moot, and Count Two of the Complaint Requesting Injunctive Relief Must Be Dismissed

Defendant's noncompetition obligations set forth in Section 7(c) of the Amended and Restated Employment Agreement (Exhibit A to Complaint) and in Section 11.14(a) of the Amended and Restated Limited Liability Company Agreement of Aladdin Capital Holdings LLC (Exhibit C to the Complaint) ("the LLC Agreement") (together with Section 7(c) of Exhibit A "noncompete agreement") *expired* on May 5, 2011. The nonsolicitation obligations set forth in Sections 11.14(b)-(c) of the LLC Agreement ("nonsolicitation agreement") *expire* tomorrow, May 18, 2011. See Plaintiff's Memorandum in Support of Preliminary Injunction at p. 5, n. 2 and exhibits cited therein.

Therefore by the time any hearing on a preliminary injunction could be held in this case, both the noncompete and the nonsolicitation agreements will have expired. It is well settled that a motion for preliminary injunction on an expired noncompete agreement is moot. See Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191, 191 (Conn. Super. 1993), aff'd, 231 Conn. 272 (1994); DeLong Corp. v. Lucas, 176 F.Supp. 104, 126 (S.D.N.Y. 1959), aff'd, 278 F.2d 908 (1960), aff'd, 364 U.S. 833 (1960); A-Copy, Inc. v. Michaelson, 599 F.2d 450, 452-53 (1st Cir. 1978); Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp., 746 F.2d 251, 252-54 (5th Cir.

---

[2] Plaintiff had previously served the wrong person. See Docket Entry #16. Defendant's counsel notified Plaintiff's counsel of the case of mistaken identity and Defendant was thereafter properly served.

1984); Moraine Indus. Supply, Inc. v. Sterling Rubber Prod. Co., 891 F.2d 133, 134-35 (6th Cir. 1989) (citing DeLong Corp. v. Lucas, supra); Agrigenetics, Inc. v. Rose, 62 F.3d 268 (8th Cir. 1995); Econ. Lab., Inc. v. Donnolo, 612 F.2d 405, 408 (9th Cir. 1979) (collecting cases and citing DeLong Corp., supra); Meeker v. Stuart, 188 F. Supp. 272, 276 (D.D.C. 1960), aff'd, 289 F.2d 902 (D.C. Cir. 1961).

Accordingly, Defendant will file a Motion to Dismiss Count Two of the Complaint, which seeks injunctive relief, and the Defendant requests that the the Court decide the Motion to Dismiss before ordering expedited discovery and a hearing date on Plaintiff's Motion for Preliminary Injunction in this case.[3]

Notably, Plaintiff does not seek damages in this case. Under the explicit terms of the separation agreement, any claim for damages is subject to arbitration. See Exhibit B to Complaint, at p. 9, ¶ 16. In fact, the only carve-out for relief in state or federal courts is as follows: "Accordingly, Employee and the Company agree that either party may seek injunctive relief to enforce, or to prevent the breach, of Sections 4-9 or 12 of this Agreement." See Exhibit B to Complaint, at p. 9, ¶ 15. Thus, under the terms of the Agreement, Plaintiff cannot seek the relief requested because there is no agreement to enforce.[4]

2.   **The Request for Declaratory Judgment Should Also Be Dismissed**

---

[3] The three cases cited by Plaintiff in its Memorandum in Support of Motion for Preliminary Injunction are all distinguishable, and none of them supports Plaintiff's request for injunctive relief on expired agreements.

[4] Plaintiff's inability to seek damages in this case distinguishes it from many other cases asserting breaches of noncompete agreements, where the mootness of a motion for preliminary injunction does not warrant dismissal of the entire case, which proceeds on a claim for damages. See, e.g., Cintas Corp. v. Perry, 517 F.3d 459, 446, n.3 (plaintiff seeks damages and so case is not moot with respect to violations of noncompete). Here, Plaintiff must arbitrate any claim for damages. Plaintiff's attempt to do an end-run around the arbitration provision in the separation agreement by seeking injunctive relief under expired noncompete and nonsolicitation agreements should not be countenanced.

Plaintiff's Request for Declaratory Judgment should likewise be dismissed. A Court's exercise of jurisdiction over a declaratory judgment action is discretionary. See Leslie v. Fed. Nat'l Mortgage Assn., 2010 U.S. Dist. LEXIS 79180 (D. Conn. Aug., 5, 2010) (Kravitz, J.) Cf. Murphy v. Corp. Express Office Prod., 2006 U.S. Dist. LEXIS 62167 (D. Conn. Aug. 31, 2006) (Kravitz, J.) (motion to dismiss declaratory judgment action denied where no arbitration agreement involved and no other action pending between the parties). The Second Circuit has adopted a five-factor test for district courts to use in determining whether to exercise such jurisdiction. See Leslie v. Fed. Nat'l Mortgage Assn., supra, at *6-8. In this case, those factors militate in favor of dismissal.

The Request for Declaratory Judgment should be dismissed for the additional reason that without a pending request for injunctive relief, the question of breach relates only to damages and therefore must be arbitrated pursuant to the parties' arbitration agreement. See Exhibit B to Complaint, at p. 9, ¶ 16. Therefore, Defendant intends to file a Motion to Dismiss on this basis as well.

## II.   Proposed Scheduling Order Dates

Given that Defendant seeks to file a Motion to Dismiss for the reasons outlined above, Defendant respectfully requests that the Scheduling Order in this case afford the parties the opportunity to brief the Motion to Dismiss prior to discovery. Because the applicable agreements have expired, there is no exigency requiring expedited discovery, and if dismissal is ordered, there will be no basis for costly, time-consuming expedited discovery.

Therefore, Defendant proposes the following briefing schedule:

1.   Defendant's Motion to Dismiss: June 2, 2011 (current Answer deadline)

2.   Plaintiff's Opposition to Motion to Dismiss: June 23, 2011

3.      Defendant's Reply in further Support of its Motion to Dismiss: July 5, 2011.

Defendant respectfully submits that if the Motion to Dismiss is granted, it will obviate the need for additional scheduling. If the Motion to Dismiss is denied and the Court seeks to schedule a preliminary injunction hearing, then Defendant requests a hearing date of October 3, 2011. Defendant submits that this is the earliest realistic date to allow briefing on the Motion to Dismiss, and if subsequently necessary, discovery consisting of up to four depositions and exchange of documents, during the summer months when coordinating the schedules of two lawyers and four potential witnesses could be more difficult.

Dated at New Haven, Connecticut this 19th day of May, 2011.

Respectfully submitted,

THE DEFENDANT
HARUMI AUTO DONOYAN

/s/ Patricia Reilly
Patricia Reilly (ct08352)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
Email: preilly@littler.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

/s/ Patricia Reilly
Patricia Reilly CT08352