UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Aladdin Capital Holdings LLC,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: 3:11-cv-00655 (MRK) |
| v. : | |
| : | |
| **Harumi Aoto Donoyan,** : | May 19, 2011 |
| : | |
| Defendant. : | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S SCHEDULING ORDER AND REPLY IN FURTHER SUPPORT OF DEFENDANT'S PROPOSED SCHEDULING ORDER

Plaintiff's Opposition to Defendant's Scheduling Order underscores the need for a scheduling order that affords the parties the opportunity to brief fully and thoroughly whether this case should proceed at all, let alone on a preliminary injunction hearing involving expired noncompete and nonsolicitation agreements, where no damages are sought, and where any claim for damages is subject to an arbitration agreement.  For the reasons outlined in Defendant's Proposed Scheduling Order, Defendant seeks the opportunity to allow full briefing of the issue prior to the parties undertaking discovery in this case.  Defendant's proposed scheduling order requesting an injunction hearing the first week in October, 2011 is the more reasonable schedule under all the circumstances of this case.  Plaintiff's proposed schedule is compressed to an unreasonable degree[1] and is completely unrealistic in terms of the issues to be addressed, particularly the issue of whether the case should be dismissed, which will obviate the need for further scheduling.  Moreover, Plaintiff has shown no exigency requiring such a compressed

---

[1] Among other practical considerations regarding the scheduling order, such as the availability of witnesses during the summer months, Defendant's counsel notified Plaintiff's counsel that she has longstanding vacation plans, and she will be out of the country from June 15 through June 20 and therefore unavailable for depositions or document exchange during that time.

schedule. In fact, none exists.[2]

Plaintiff cites no Connecticut state or district court case that stands for the proposition that an *expired* noncompete agreement can be extended as an equitable remedy by the Court. The two Connecticut cases Plaintiff cites are distinguishable. In United Rentals, Inc. v. Frey, Civ. No. 3:10CV1628 (HBF), 2011 U.S. Dist. LEXIS 16375 (D. Conn. Feb. 17, 2011), the restrictive covenant had *not* expired when the relief sought was granted.[3] Cf. Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191, 191 (Conn. Super. 1993), aff'd, 231 Conn. 272 (1994) (plaintiff's request for injunctive relief *moot* where temporal period of covenant not to compete *had expired*). See also Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp., 746 F.2d 251, 252-54 (5th Cir. 1984) (declining to address appeal concerning request for injunctive relief to enforce terms of restrictive covenant as moot where one year period of covenant had already expired); Agrigenetics, Inc. v. Rose, 62 F.3d 268 (8th Cir. 1995) (dismissing appeal as moot where appellant sought injunctive relief in the form of a one year extension of expired restrictive covenant and remanding to trial court with directions to vacate its order denying preliminary injunctive relief on the merits and to enter a new order denying plaintiff's request for preliminary injunctive relief as moot).

The other Connecticut case Plaintiff cites, KX Industries, L.P. v. Saaski, CV-960386806S, 1997 Conn. Super. Lexis 2444 (Conn. Super. Ct. August 29, 1997), is also

---

[2] Appendix A to its Opposition to Defendant's Proposed Scheduling Order purports to show that Defendant became employed at Valcour on May 9, 2011. Plaintiff's assertion that this document shows that Defendant was employed at Valcour *before* May 9 illustrates the absurdity of Plaintiff's position. The noncompete expired on May 5. May 9 is *after* the expiration of the noncompete agreement.

[3] Note also that in United Rentals, Inc., the District Court did not hold an evidentiary hearing until nearly four months after plaintiff had filed its complaint, which parallels the scheduling order sought by Defendant in this case rather than the extremely compressed scheduling order Plaintiff has suggested.

completely distinguishable.  In that case the court initially granted an *ex parte* temporary injunction *during* the term of the restrictive covenant, not *after* it had expired.  Thereafter the court found defendant in contempt of court because he had failed to comply with the terms of the ex parte injunction.

Plaintiff's other cited cases do not apply Connecticut law and are factually and procedurally distinguishable.  The majority of the cited cases involve extensions of restrictive covenants *before* they had expired, not *after* they had expired.  See Jak Productions, Inc. v. Wiza, 986 F.2d 1080 (7th Cir. 1993), MedX, Inc. v. Ranger, 788 F. Supp. 288 (E.D. La. 1992), PADCO Advisors, Inc. v. Omdahl, 179 F. Supp. 2d 600 (D. Md. 2002), Overholt Crop Ins. Service Co. v. Travis, 941 F.2d 1361 (8th Cir. 1991), Premier Indus. Corp. v. Tex. Indus. Fastener Co., 450 F.2d 444 (5th Cir. 1971).  Another case involved the extension of a noncompete as a penalty for violation of a *contempt order*.  See ServiceMaster Residential/Commercial Servs., L.P. v. Westchester Cleaning Servs., 01 Civ. 2229 (JSM), 2003 U.S. Dist. LEXIS 1104 (S.D.N.Y. Jan. 29, 2003).

Finally, Teksystems, Inc. v. Bolton, Civ No.: RDB-08-3099, 2010 U.S. Dist. Lexis 9651 (D. Md. Feb. 4, 2010), the case Defendant harps on for the irrelevant fact that Littler Mendelson represented the Plaintiff, is distinguishable on numerous grounds.  First, it was decided under Maryland law.  Second, Plaintiff sought damages in that case and the relief sought was not limited to equitable relief under a noncompete agreement.  Third, the case was decided on a motion for summary judgment.  Fourth, there was no arbitration agreement requiring the plaintiff to submit its damages claim to arbitration as there is here.

Plaintiff has not cited a single case in which a court extended an *expired* noncompete agreement as equitable relief on a motion for preliminary injunction.

In sharp contrast, Defendant has cited numerous cases in support of its position that Plaintiff's Motion for Preliminary Injunction should be denied as moot.  See, e.g., See Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191, 191 (Conn. Super. 1993), aff'd, 231 Conn. 272 (1994) and additional cases cited in Defendant's Proposed Scheduling Order dated May 17, 2011.  Plaintiff is asking the Court not to write a new contract for the parties, where the original contract has expired, and "that no court should do."  Beit v. Beit, 15 Conn.Supp. 191 (Conn. Super. 1947).

Thus, for the reasons set forth above and in Defendant's Proposed Scheduling Order dated May 17, 2011, Defendant respectfully requests that the Court adopt Defendant's Proposed Scheduling Order dated May 17, 2011 as the scheduling order in this case.  In the alternative, Defendant moves that the Motion for Preliminary Injunction be denied as moot.

           Respectfully submitted,

           /s/ Patricia Reilly
Patricia Reilly  CT08352
LITTLER MENDELSON
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203-974-8799
preilly@littler.com

## **CERTIFICATION**

I hereby certify that on May 19, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

     /s/ Patricia Reilly
Patricia Reilly CT08352