## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

ALADDIN CAPITAL HOLDINGS LLC,     :

                        :       CIVIL ACTION NO.

          Plaintiff,      :       3:11-CV-00655 (MRK)

                        :

v.                        :

                        :

HARUMI AOTO DONOYAN,      :

                        :       MAY 23, 2011

          Defendant.    :

-------------------------------------------------------------x

### PLAINTIFF'S REPLY IN SUPPORT OF ITS PROPOSED SCHEDULING ORDER

Plaintiff Aladdin Capital Holdings LLC ("Plaintiff" or "ACH") hereby submits its Reply

in Support of its Proposed Scheduling Order regarding the Motion for Preliminary Injunction in

the above-captioned matter. The Opposition to Plaintiff's Proposed Scheduling Order filed by

Harumi Aoto Donoyan ("Defendant" or "Ms. Donoyan") on May 19, 2011 is premised on the

inaccurate legal assertion that this Court lacks the equitable authority to address Defendant's

multiple breaches of her post-employment restrictive covenants. In a futile attempt to support

that assertion, Defendant cites a single Connecticut case which is inapplicable to and readily

distinguishable from the case at bar.

Defendant also attempts to rely on a few cases decided many years ago in jurisdictions

outside of Connecticut. As noted below, however, such decisions are in the minority, ignore

important public policy considerations, and have no precedential impact on the case at bar. In

addition, contrary to Defendant's assertions, Connecticut state and federal courts have broad

equitable authority to fashion appropriate injunctive relief. Indeed, several Connecticut courts

have enjoined defendants from working for a specific employer even in the absence of any non-competition agreement between the parties.

For the reasons set forth herein and in Plaintiff's Proposed Scheduling Order and Opposition to Defendant's Proposed Scheduling Order, Plaintiff respectfully requests that this Court schedule a preliminary injunction hearing in accordance with Plaintiff's Proposed Scheduling Order.

## I.   Connecticut Courts Repeatedly Have Exercised Equitable Authority To Extend Restrictive Covenants Where The Defendant Has Breached Those Covenants.

Connecticut courts have the equitable authority to extend post-employment restrictive covenants where the defendant has breached such covenants. See, e.g., Elizabeth Grady Face First Inc. v. Escavich, 321 F. Supp. 2d 420, 428 (D. Conn. 2004) (wherein the Honorable Stefan Underhill enjoined the defendant from working for a competitor for one year from the date of his order, rather than one year from the date of defendant's resignation of employment), United Rentals, Inc. v. Frey, Civ. No. 3:10CV1628 (HBF), 2011 U.S. Dist. LEXIS 16375 (D. Conn. Feb. 17, 2011) (granting plaintiff's motion for preliminary injunction to enforce non-competition obligations against defendant for one year from the date of the Court's order, rather than one year from the date of defendant's resignation from employment, due to defendant's breach of those obligations); Edge Technology Svcs., Inc. v. Worley, CV-054008278, 2005 Conn. Super. LEXIS 1804 (Conn. Super. Ct. July 5, 2005); (granting preliminary injunction enjoining defendant employee from competing with plaintiff until July 5, 2006 notwithstanding the fact that defendant employee's non-competition obligation expired on December 20, 2005); KX Industries, L.P. v. Saaski, CV-960386806S, 1997 Conn. Super LEXIS 2444 (Conn. Super. Ct. August 29, 1997) (granting preliminary injunction enjoining defendant from working for a

competitor until March 10, 1998 notwithstanding the fact that defendant's non-competition obligation expired on April 23, 1997).[1]

Defendant has cited no authority in which a Connecticut court explicitly refused to extend an expired restrictive covenant. The single Connecticut case that Defendant has cited in support of her argument is Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191 (Conn. Super. 1993), aff'd, 231 Conn. 272 (1994). The very first sentence of that decision, however, states that it concerns an "action seeking money damages." Id at 191. There is no discussion in that decision as to whether a Connecticut court does or does not have the authority to equitably extend the duration of a non-competition provision. The facts of that case suggest that the court did not need to address the issue of injunctive relief because: (i) the case was decided in 1993, more than four years after the expiration of the non-compete agreement at issue; and (ii) the defendant had ceased working for the competitor in 1989, several years prior to the court's decision. Id. at 191, 195. Moreover, since the publication of the Van Dyck decision in 1993, not a single Connecticut court has cited it for the proposition that courts lack the authority to equitably extend restrictive covenants.

Defendant also attempts in vain to distinguish the case at bar from the Connecticut cases that have extended restrictive covenants by arguing that the covenants in this case have expired. Contrary to Defendant's assertions, however, the restrictive covenants had not expired when Plaintiff commenced this action. This case was commenced by Plaintiff's filing of the complaint on April 25, 2011 and, under the terms of the parties' written Separation Agreement, Defendant's post-employment restrictive covenants remained in effect until May 2011. More importantly, however, there is no meaningful legal difference between a court's authority to

---

[1] Copies of all unreported cases cited herein are attached hereto in Appendix A.

extend an existing non-competition obligation beyond its expiration date and a court's authority to extend an expired non-competition obligation in the same manner. The legal issue is the same in both situations; does a court have the equitable authority to extend a non-competition obligation beyond the expiration date set forth in the parties' contract. As set forth above, Connecticut courts do have such authority where the defendant has breached his/her non-competition obligations. Accordingly, this Court should timely schedule a preliminary injunction hearing so that Plaintiff can have an opportunity to prove Defendant's breach of her non-competition obligations.

## II.     The Cases Cited by Defendant Do Not Apply In Connecticut And Are Limited To A Few Jurisdictions.

Defendant has not cited a single case in which a Connecticut court held that it did not have the equitable authority to extend the time periods in a restrictive covenant. Rather, Defendant has cited cases from a limited number of jurisdictions *outside* of Connecticut. These cases are from many years ago and expressly apply the state law of jurisdictions other than Connecticut. See, e.g., A-Copy, Inc. v. Michaelson, 599 F.2d 450, 452-53 (1st Cir. 1978) (holding that Massachusetts state law does not authorize the extension of non-competition agreements); Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp., 746 F.2d 251, 252-54 (5th Cir. 1984) (applying Louisiana law); Agrigenetics, Inc. v. Rose, 62 F.3d 268 (8th Cir. 1995) (applying Nebraska law). Moreover, one of the cases cited by Defendant has been overruled by a subsequent decision of the Ohio Supreme Court. See Rogers v. Runfola, 565 N.E. 2d 540, 544 (Ohio Supreme Ct. 1991) (enjoining defendants for one year from the date of the order from competing with plaintiff notwithstanding the fact that the non-compete period had expired several years earlier and specifically rejecting the holding in Moraine Indus. Supply, Inc. v. Sterling Rubber Prod. Co., 891 F.2d 133 (6th Cir. 1989)).

At least one federal district court also has noted the limited applicability of the cases cited by Defendant. See MedX, Inc. v. Ranger, 788 F. Supp. 288 (E.D. La. 1992) (extending the duration of non-competition obligations based on defendant's breach of those obligation and distinguishing DeLong Corp. v. Lucas, 176 F.Supp. 104, 126 (S.D.N.Y. 1959), A-Copy v. Michaelson, supra, Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp., supra, on the ground that these cases applied the laws of a minority of other states).

In addition, it would be contrary to the interests of justice if a defendant could avoid the obligations of post-employment restrictive covenants by breaching such covenants and concealing her breaches until the expiration of those covenants. Such a rule would encourage deceptive conduct by former employees. It also would encourage counsel for such employees to attempt to delay preliminary injunction hearings. See TEKsystems, Inc., 2010 U.S. Dist. LEXIS 9651 at *28 (noting that "if the non-compete period is not enforced through equitable extension, it could 'reward the breach of contract, encourage protracted litigation and provide an incentive to dilatory tactics.'") (internal citations omitted). See also, Basicomputer Corp. v. Scott, 973 F.2d 507, 513 (6th Cir. 1992) (applying Ohio law and holding that injunction may enforce non-compete agreement beyond its expiration date); CDW LLC v. NETech Corp., 722 F. Supp. 2d 1052, 1066 (D. Ind. 2010) (applying Wisconsin law and extending non-competition obligation for one year from the date of the Court's order); SafeWorks, LLC v. Max Access, Inc., 2009 U.S. Dist. LEXIS 29268 (D. Tex. 2009) (applying Texas law and holding that Plaintiff's request for injunctive relief "is not rendered moot merely by expiration of the originally proscribed six-month period. . . .The Court retains the ability to exercise its equitable powers and extend the non-solicitation period for the court-reformed non-solicitation provision beyond the original contractual period.") (citations omitted); Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464

(5th Cir. 2003) (applying Texas law and holding that the district court is empowered to craft injunction extending beyond expiration of non-solicitation covenant); Presto-X-Company v. Ewing, 442 N.W.2d 85, 90 (Iowa 1989) (applying Iowa law and affirming injunction that extended restrictive covenant beyond the two years set forth in the parties' contract).

## III.    This Court Has Broad Equitable Powers To Extend Defendant's Restrictive Covenants

It is well-established that Connecticut state and federal courts have broad equitable powers to address and prevent wrongful conduct.  Forschner Group Inc. v. Arrow Trading Co., Ind., 124 F.2d 402, 406 (2d. Cir. 1997) ("A district court has a wide range of discretion in framing an injunction in terms it deems reasonable to prevent wrongful conduct."); Elm City Cheese Co., Inc. v. Federico, et. Al., 251 Conn. 59, 94 (1999) (noting that a "trial court is vested with broad authority to fashion equitable relief" and granting plaintiff's injunction to prohibit defendants from engaging in unfair competition), Zaubler v. The West View Hills, et. al., 148 Conn. 540, 546 (1961) (noting that a court has wide discretion in granting an injunction).  Here, the preliminary injunction sought by Plaintiff is appropriate to address Defendant's continuing wrongful conduct.  Defendant should not be able to avoid her contractual commitments not to compete with Plaintiff's business by breaching those obligations and concealing her breach from Plaintiff.  To the contrary, she should be required by this Court to abide by her contractual obligation not to compete with Plaintiff for one year.  Thus, this Court is well within its equitable powers to grant Plaintiff's request for a preliminary injunction.

## IV.    Connecticut Courts Have Issued Preliminary Injunctions Prohibiting Unfair Competition Even In The Absence of Any Restrictive Covenants.

The expiration of Defendant's restrictive covenants is not a bar to Plaintiff's motion for a preliminary injunction.  Indeed, Connecticut courts have exercised broad equitable powers in

issuing preliminary injunctions to prohibit an employee's unfair competitive conduct even where

no restrictive covenant exists.  See Fiber Optics Tech., Inc. v. Mowry, CV030070432, 2003

Conn. Super. LEXIS 2052 (Conn. Super. Ct. July 15, 2003) (granting preliminary injunction

prohibiting defendant from engaging in unfair competition despite the absence of any non-

compete agreement between the parties) Mec-Gar, S.R.L. v. Hard, CV02007396, 2002 Conn.

Super. LEXIS 3314 (Conn. Super. Ct. October 2, 2002) (same).  In Fiber Optics,  the Court

granted plaintiff's motion for an injunction to enjoin two former employees from competing with

plaintiff and disclosing plaintiff's trade secrets notwithstanding the fact that the parties never had

entered into a restrictive covenant or nondisclosure agreement.  In that case, the Court found that

the two former employees engaged in "egregiously disloyal and inequitable conduct" by

competing with the employer during their employment.  In the case at bar, a similar situation

exists in that Plaintiff has alleged that Defendant engaged in competitive conduct during the

same time that she was providing transitional services to Plaintiff and receiving continued

payments from Plaintiff under the terms of her Separation Agreement.  See Plaintiff's Complaint

at ¶¶ 25-35.

Contrary to Defendant's assertions, an unexpired non-competition agreement is not a

mandatory pre-requisite for injunctive relief in Connecticut.  The state and federal courts of

Connecticut have broad equitable authority.  Under appropriate circumstances, these courts have

the authority to enjoin former employees from working for a specific competitor even where the

employees never entered into any non-competition agreement.  Accordingly, these courts must

have the same authority where a former employee entered into a non-competition agreement and

breached that non-competition agreement.  In the case at bar, this Court has the equitable

authority to hear the evidence and to fashion appropriate injunctive relief.  In order to do so in a

meaningful manner, this Court should adopt Plaintiff's Proposed Scheduling Order and schedule the preliminary injunction hearing in an expeditious manner.

## V.    Conclusion

For the foregoing reasons, as well as the reasons set forth in its Proposed Scheduling Order and in its Opposition to Defendant's Proposed Scheduling Order, Plaintiff respectfully requests that this Court adopt Plaintiff's Proposed Scheduling.

Respectfully submitted,

PLAINTIFF,
ALADDIN CAPITAL HOLDINGS LLC

By: /s/ Daniel L. Schwartz
   Daniel L. Schwartz, Esq. (ct09862)
   Jaclyn K. Leung, Esq. (ct27399)
   Day Pitney LLP
   One Canterbury Green
   Stamford, CT 06901
   Telephone: (203) 977-7300
   Facsimile: (203) 977-7301
   dlschwartz@daypitney.com
   jleung@daypitney.com
   Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2011, a copy of Plaintiff's Reply In Support Of Its Proposed Scheduling Order was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel L. Schwartz
Daniel L. Schwartz, Esq.