## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
                                          :
ALADDIN CAPITAL HOLDINGS LLC,             :
                                          :    CIVIL ACTION NO.
              Plaintiff,                  :    3:11-CV-00655 (MRK)
                                          :
v.                                        :
                                          :
HARUMI AOTO DONOYAN,                      :
                                          :    MAY 26, 2011
              Defendant.                  :
-----------------------------------------------------------x
```

## PLAINTIFF'S BRIEF REGARDING THE COURT'S AUTHORITY TO ISSUE INJUNCTIVE RELIEF

Pursuant to the Court's May 24, 2011 Order, Plaintiff Aladdin Capital Holdings LLC ("Plaintiff" or "ACH") hereby submits its Brief Regarding The Court's Authority To Issue Injunctive Relief in this matter. At this stage of the case, prior to any discovery or evidentiary hearing, the issue before this Court is not whether it should or should not grant Plaintiff's motion for preliminary injunction. Rather, the sole issue is whether, assuming the allegations in Plaintiff's complaint to be true, and construing all reasonable inferences in favor of the Plaintiff, this Court has the equitable authority to issue a preliminary injunction. In light of this Court's broad powers in equity, and based on federal and state law precedent, this Court should find that it does indeed have the authority to enjoin the wrongful conduct of Defendant Harumi Aoto Donoyan ("Defendant" or "Donoyan").

The recent expiration of Defendant's post-employment restrictive covenants is not a bar to Plaintiff's motion for a preliminary injunction. Connecticut state and federal courts have broad equitable authority to fashion appropriate injunctive relief to address a defendant's breach

71657079.3

of his/her contractual non-competition obligations, including the extension of those obligations. Indeed, in affirming an injunction in an unfair-competition case, the Second Circuit has held that, "it is beyond cavil that a district court sitting in equity may devise a remedy that extends or exceeds the terms of a prior agreement between the parties if it is necessary to make the injured parties whole." Levitt Corp. v. Levitt, 593 F.2d 463, 465 (2d Cir. 1979) (citations omitted).

Defendant's inaccurate legal assertion that this Court lacks the equitable authority to address Defendant's multiple breaches of her post-employment restrictive covenants is premised on a single Connecticut case, Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191 (Conn. Super. 1993), aff'd, 231 Conn. 272 (1994). That case is inapplicable to and readily distinguishable from the case at bar because, among other reasons, it concerned monetary damages, was decided more than four years after the expiration of the non-competition provision at issue, and was decided after the defendant had ceased working for the competitor. That case did not explicitly or implicitly address whether a Connecticut court has the authority to equitably extend the duration of a non-competition provision. Moreover, the sole issue on appeal to the Connecticut Supreme Court in that case was whether or not the trial court appropriately awarded monetary damages to the plaintiff. Simply put, no federal or state court in Connecticut has held that it lacks the equitable authority to extend a non-competition obligation where a defendant has breached that obligation. This Court should not create such an inappropriate bar to injunctive relief.

For the reasons set forth herein, Plaintiff respectfully requests that this Court find that it has the legal authority to enjoin Defendant's wrongful conduct and that it schedule an evidentiary hearing on Plaintiff's motion for preliminary injunction.

**I.     This Court Has Broad Equitable Authority To Issue Appropriate Injunctive Relief.**

The Connecticut state and federal courts have repeatedly recognized that a trial court has broad equitable powers to address and prevent wrongful conduct. See Bauer v. Waste Mgmt. of Conn., Inc., 239 Conn. 515, 534-35 (1996) (noting the broad discretion afforded a trial court in deciding whether to issue an injunction); Elm City Cheese Co., Inc. v. Federico, et. al., 251 Conn. 59, 94 (1999) (noting that a "trial court is vested with broad authority to fashion equitable relief"); Zaubler v. The West View Hills, et. al., 148 Conn. 540, 546 (1961) (noting that a court has wide discretion in granting an injunction); Forschner Group Inc. v. Arrow Trading Co., Ind., 124 F.2d 402, 406 (2d. Cir. 1997) ("A district court has a wide range of discretion in framing an injunction in terms it deems reasonable to prevent wrongful conduct."); Xplore Technologies Corp. v. Killion, CV105013459, 2010 Conn. Super. LEXIS 2401 (recognizing that a court may exercise its equitable power to provide appropriate injunctive relief and enforcing a non-competition agreement against the defendants).[1]

In light of this Court's broad equitable powers, the burden is on the Defendant to demonstrate that this Court somehow is constrained or prohibited from issuing a preliminary injunction in this case. Yet Defendant has not cited any constitutional or statutory provision that would bar injunctive relief. Indeed, Defendant relies on a single Connecticut Superior Court case, Van Dyck Printing Co., for the proposition that an injunction cannot be issued after the expiration of the contractual term for the restrictive covenants. The Van Dyck decision, however, did not address that specific issue and has not been cited by any Connecticut state or federal court for that proposition. Accordingly, this Court should not rely on that decision to

---

[1]  Copies of all unreported cases cited herein are attached hereto in Appendix A.

create new law that would significantly limit the inherent equitable authority of Connecticut state and federal courts to fashion appropriate injunctive relief.

**II.     Courts In This Circuit Have Applied Their Broad Equitable Powers To Modify Private Contracts Regarding Non-Competition Obligations.**

In applying their broad powers of equity, the federal courts in the Second Circuit have modified private contracts to extend the duration of non-competition obligations. The Second Circuit Court of Appeals has affirmed the propriety of such injunctions. In <u>Levitt Corp. v. Levitt</u>, 593 F.2d 463 (2d Cir. 1979), the parties entered into a non-compete agreement in November 1975 whereby the defendant agreed that he would not enter into any business that would compete with plaintiff's business until June 1977. <u>Id.</u> at 465. The plaintiff discovered that the defendant had breached the agreement during its term and filed suit against him. The district court consolidated plaintiff's motion for a preliminary injunction with a trial on the merits and issued its decision in 1978, after the expiration of the non-competition period. <u>Id.</u> at 466-67. As part of its decision, the district court issued an injunction which prohibited the defendant from publicizing his competing business for two years from the date of the order, thereby extending the defendant's non-competition obligations for a significant period beyond the expiration date of the parties' contract. <u>Id.</u> at 467. The district court acknowledged that it was extending the duration of the contractual restrictions and stated that such injunctive relief was appropriate to counteract the damage done by the defendant's breach of his contractual obligations. <u>Id.</u>

The Second Circuit affirmed the injunctive relief. It held that the district court did not abuse its discretion by "extending the contract terms." <u>Id.</u> at 469. The Second Circuit further stated that: "it is beyond cavil that a district court sitting in equity may devise a remedy that

extends or exceed the terms of a prior agreement between the parties if it is necessary to make the injured parties whole." Id. (citations omitted).

The federal district courts in Connecticut similarly have exercised their equitable authority to extend the duration of post-employment restrictive covenants where the defendant has breached those covenants. Although such courts have not expressly discussed their rationale for such extensions, they presumably are requiring such defendants to specifically perform their contractual obligations. In other words, if a defendant has agreed not to compete with her former employer for one year, she should be obligated to abide by that bargain and any period of time during which she was in breach of her non-compete obligation should not be counted as part of that year. See, e.g., Elizabeth Grady Face First Inc. v. Escavich, 321 F. Supp. 2d 420, 428 (D. Conn. 2004) (wherein the Honorable Stefan Underhill enjoined the defendant from working for a competitor for one year from the date of his order, rather than one year from the date of defendant's resignation of employment); United Rentals, Inc. v. Frey, Civ. No. 3:10CV1628 (HBF), 2011 U.S. Dist. LEXIS 16375 (D. Conn. Feb. 17, 2011) (granting plaintiff's motion for preliminary injunction to enforce non-competition obligations against defendant for one year from the date of the Court's order, rather than one year from the date of defendant's resignation from employment, due to defendant's breach of those obligations).

In addition, Connecticut state courts repeatedly have exercised their equitable powers to modify the scope and duration of post-employment restrictive covenants. See, e.g., Grayling Assocs, Inc. v. Villota, CV 040833521, 2004 Conn. Super. LEXIS 1859 at *4 (Conn. Super. Ct. July 12, 2004) (applying "blue pencil" rule to modify non-compete agreement and alter the contractual terms agreed upon by the parties); Group Concepts, Inc. v. Barberino, CV 030286221, 2004 Conn. Super. LEXIS 1036 at *17 (Conn. Super. Ct. April 16, 2004) (same);

Gartner Group Inc. v. Mewes, CV 910118332, 1992 Conn. Super. LEXIS 38 at ** 9-12 (Conn. Super. Ct. January 3, 1992) (granting permanent injunction and modifying non-compete agreement to apply to states in which the plaintiff conducted business at the time of the defendant's resignation).

Based on the facts and circumstances alleged in Plaintiff's Complaint, this Court has the authority to issue injunctive relief that would extend the duration of Defendant's restrictive covenants. As in Levitt Corp., supra, such an injunction is necessary to counteract the damage already done by Defendant's continuing breaches of her restrictive covenants, which began prior to the expiration of those covenants. In addition, the injunctive relief that Plaintiff has requested is necessary to restore the benefit of the bargain that Plaintiff negotiated with Defendant in her Separation Agreement, namely that she would not compete with Plaintiff or solicit its clients for one year.

### III.  *Van Dyck Printing Co. v. DiNicola* Does Not Prohibit This Court From Granting Plaintiff's Motion For Preliminary Injunction.

As noted above, Defendant has cited a single Connecticut decision in support of her argument that this Court lacks the authority to issue the requested injunctive relief, Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191 (Conn. Super. 1993), aff'd, 231 Com. 272 (1994). That decision, however, is based on the specific and unusual facts of that case, which differ significantly from the facts in the case at bar. Moreover, there is no discussion in that decision, nor in the Connecticut Supreme Court's affirmance, as to whether a Connecticut court does or does not have the authority to equitably extend the duration of a non-competition provision.

In Van Dyck, the defendant salesman commenced employment with the plaintiff employer in 1968, and signed a contract that included a covenant not to compete for twelve months after the termination of his employment. Id. at 193-94. After being employed with the

plaintiff for approximately nineteen years, defendant separated from his employment in 1987 and joined a competing printing company one week later. Id. at 195. Approximately two years later, in 1989, the defendant ceased his employment with plaintiff's competitor and sold his equity interest in the competing business. Id.

The Van Dyck trial court did not issue its decision until August 1993. At the time that it issued its decision, the defendant was no longer working for the competitor and had not been working at the competitor for four years. Id. at 195. In addition, the covenant not to compete had been expired for more than four years. Id. at 193-94. Thus, the Van Dyck court noted that under those particular facts, the plaintiff's request for injunctive relief had become moot by 1993. The Court addressed the issue of injunctive relief in a *single sentence* of its twelve page opinion. Id. at 191. It did not discuss whether Connecticut courts do or do not have the equitable authority to extend the duration of restrictive covenants where a defendant has breached those covenants. To the contrary, the crux of the decision in Van Dyck focuses on the enforceability of the covenant not to compete, the defendant's breach of that covenant, and the appropriate amount of monetary damages. Id. at 195-203.

When the defendant in Van Dyck appealed the trial court's decision to the Connecticut Supreme Court, the only issues on appeal were the enforceability of the covenant not to compete and the amount of monetary damages. Van Dyck, 231 Conn. at 272. There was no appeal taken regarding the trial court's determination that any request for injunctive relief had become moot. Nor did the Supreme Court address that issue. It merely noted in footnote, without any discussion or analysis, that the issue of injunctive relief had become moot. Id. at n.1. The Connecticut Supreme Court decision is devoid of any discussion regarding whether a court does or does not have the equitable authority to extend the duration of a non-compete provision.

Moreover, since the publication of the Supreme Court's decision in <u>Van Dyck</u> in 1994, not a single Connecticut court has cited it for the proposition that courts lack the authority to equitably extend restrictive covenants.  Nor has any Connecticut court cited it for the proposition that injunctive relief is moot after the expiration of a restrictive covenant.  In fact, in a decision issued eight years after <u>Van Dyck</u>, a Connecticut Superior Court noted that:

> The issue of whether a court has the authority to issue an injunction enforcing a covenant not to compete beyond the time bar set forth in the covenant is an interesting and <u>unsettled</u> one.  I could find no Connecticut case law directly on point and court decisions in other jurisdictions are decidedly mixed.

<u>Express Scripts, Inc. v. Sirowich</u>, CV 020077109, 2002 Conn. Super. LEXIS 3444 at *29 (Conn. Super. Ct., October 24, 2002) (emphasis added).[2]  The <u>Express Scripts</u> Court determined that it did not need to decide the extension issue because it found that the defendant had only breached her non-competition obligations for two months of the two-year non-competition period.  <u>Id</u>. at *29-30.  It determined that an injunction prohibiting the defendant from competing with the plaintiff or soliciting the plaintiff's clients during the remainder of the two-year period "will provide the plaintiff with the essentials of the bargain that it reached with the defendant upon signing the non-compete agreement."  <u>Id</u>. at 30-31.  The Court reached this decision after conducting an evidentiary hearing on plaintiff's motion for injunctive relief.  <u>Id</u>. at *1-6.

Notwithstanding the lack of controlling precedent as noted in <u>Express Scripts</u>, both federal and state courts in Connecticut have exercised their inherent powers in equity to extend the duration of restrictive covenants to address a defendant's breach of such covenants.  Several of these cases were decided after the <u>Van Dyck</u> decision and none of them considered <u>Van Dyck</u> to be a limit on their authority to equitably extend such covenants.  <u>See, e.g., United Rentals, Inc.</u>

---

[2]  With respect to such decisions from other jurisdictions, please note the cases cited at pp. 4-6 of Plaintiff's Reply in Support of Its Proposed Scheduling Order dated May 23, 2011.

v. Frey, Civ. No. 3:10CV1628 (HBF), 2011 U.S. Dist. LEXIS 16375 (D. Conn. Feb. 17, 2011) (extending non-competition period for four months beyond its contractual expiration date due to defendant's breach); Edge Technology Svcs., Inc. v. Worley, CV-054008278, 2005 Conn. Super. LEXIS 1804 (Conn. Super. Ct. July 5, 2005); (granting preliminary injunction enjoining defendant employee from competing with plaintiff until July 5, 2006 notwithstanding the fact that defendant's non-competition obligation expired on December 20, 2005); KX Industries, L.P. v. Saaski, CV-960386806S, 1997 Conn. Super LEXIS 2444 (Conn. Super. Ct. August 29, 1997) (granting preliminary injunction enjoining defendant employee from working for a competitor until March 10, 1998 notwithstanding the fact that defendant's non-competition obligation expired on April 23, 1997).

In addition, the case at bar is quite different from Van Dyck.  Unlike the defendant in Van Dyck, the Defendant in the case at bar is continuing to work for a competitor.  Unlike the defendant in Van Dyck, the Defendant in the case at bar is continuing to harm the Plaintiff through her multiple breaches of her post-employment obligations.  Unlike the circumstances of Van Dyck, only a few weeks, rather than four years, have passed since the expiration of Defendant's non-competition obligations.[3]  In light of these facts, and consistent with the legal precedent noted herein, this Court should find that Van Dyck does not prohibit injunctive relief in the case at bar and it should schedule a preliminary injunction hearing.

---

[3] Plaintiff only recently learned of Defendant's wrongful conduct and commenced this action on April 25, 2011, prior to the expiration of the restrictive covenants at issue.

## IV.    Conclusion

Based on the foregoing, Plaintiff respectfully submits that this Court has broad equitable powers and has the authority to grant the preliminary injunction brought by Plaintiff in this action.  Accordingly, Plaintiff requests that this Court schedule a preliminary injunction hearing and authorize the parties to commence discovery.

In the alternative, if this Court doubts its authority to enjoin the Defendant's wrongful conduct, Plaintiff requests that it certify the issue of a court's authority to equitably extend restrictive covenants to the Connecticut Supreme Court pursuant to Conn. Gen. Stat. § 51-199b.

Respectfully submitted,

PLAINTIFF,
ALADDIN CAPITAL HOLDINGS LLC

By:  /s/ Daniel L. Schwartz
      Daniel L. Schwartz, Esq. (ct09862)
      Jaclyn K. Leung, Esq. (ct27399)
      Day Pitney LLP
      One Canterbury Green
      Stamford, CT 06901
      Telephone: (203) 977-7300
      Facsimile: (203) 977-7301
      dlschwartz@daypitney.com
      jleung@daypitney.com
      Its Attorneys

71657079.3                          -10-

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2011, a copy of Plaintiff's Brief Regarding The Court's Authority To Issue Injunctive Relief was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel L. Schwartz
Daniel L. Schwartz, Esq.