UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
:
ALADDIN CAPITAL HOLDINGS LLC,                  :
:       CIVIL ACTION NO.
                       Plaintiff,              :       3:11-CV-00655 (MRK)
:
v.                                             :
:
HARUMI AOTO DONOYAN,                           :
:       JUNE 2, 2011
                       Defendant.              :
---------------------------------------------------------------x

## PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF PURSUANT TO THIS COURT'S MAY 24, 2011 ORDER

Plaintiff Aladdin Capital Holdings LLC ("Plaintiff" or "ACH") hereby submits its Reply to Defendant's Brief Pursuant to this Court's May 24, 2011 Order. Contrary to the assertions in Defendant's Brief, this Court has the power in equity to order the Defendant to comply with and to specifically perform the contractual obligations in her Separation Agreement. Those obligations include her promise not to compete with the Plaintiff, and not to solicit Plaintiff's clients, for one year. Defendant has breached those obligations. Based on that breach, this Court has the equitable authority to extend her obligations beyond their contractual expiration date so that she complies with them for the period of time she promised – one year.

**A.     Connecticut Law Does Not Prohibit The Equitable Extension of Restrictive Covenants.**

As set forth in Plaintiff's Brief Regarding this Court's Authority to Issue Injunctive Relief dated May 26, 2011 ("Plaintiff's Brief"), this Court has broad powers in equity. In a case similar to the case at bar, the Second Circuit Court of Appeals expressly stated that federal

district courts have the equitable authority to extend a breaching party's non-competition obligations. See Levitt Corp. v. Levitt, 593 F.2d 463, 469 (2d Cir. 1979) ("it is beyond cavil that a district court sitting in equity may devise a remedy that extends or exceeds the terms of a prior agreement between the parties if it is necessary to make the injured parties whole.") (citations omitted). No Connecticut court has held to the contrary. This Court should not be the first to do so.

Defendant continues to rely on a single Connecticut decision in support of her argument that this Court lacks authority to issue the requested injunctive relief, Van Dyck Printing Co. v. DiNicola, 43 Conn. Supp. 191 (Conn. Super. 1993), aff'd, 231 Conn. 272 (1994). However, Van Dyck is not controlling in the case at bar for several reasons.

First of all, the Superior Court's decision in Van Dyck was based on the specific and unusual facts of that case and contains no discussion as to whether a Connecticut court does or does not have the authority to equitably extend the duration of a non-competition provision. The Superior Court's decision in Van Dyck focuses on the enforceability of the covenant not to compete, the defendant's breach of that covenant, and the appropriate amount of monetary damages. Id. at 195-203. At the time that the Superior Court issued its decision in Van Dyck, the defendant no longer was working for the competitor and had not been working at the competitor for four years. Id. at 195. Thus, the Van Dyck Court had no competitive activity to enjoin because the defendant no longer was working for a competitor. Under those particular facts, the Van Dyck Court correctly noted in passing, in a single sentence, that any request for injunctive relief had become moot. Id. at 191. The Van Dyck Court did not address or determine, however, whether a Connecticut court does or does not have the equitable authority to extend the duration of restrictive covenants where a defendant has breached those covenants.

The Connecticut Supreme Court's affirmance in Van Dyck similarly was silent on that issue. The only issues on appeal in Van Dyck were: (i) the enforceability of the covenant not to compete; and (ii) the amount of monetary damages. Van Dyck, 231 Conn. at 272. A plain reading of the Connecticut Supreme Court decision makes clear that no appeal was taken regarding the trial court's determination that any request for injunctive relief had become moot. Id. Contrary to Defendant's attempted obfuscation, the Supreme Court's references to the Superior Court's decision as "properly resolved," "well reasoned" and "thoughtful and comprehensive" do not pertain to the issue of injunctive relief. Rather, the Supreme Court used those adjectives to describe the Superior Court's reasoning regarding the enforceability of the non-compete agreement and the calculation of the monetary damages award. Id.

No Connecticut court has cited Van Dyck for the proposition that Connecticut courts lack the authority to equitably extend restrictive covenants. Indeed, a Connecticut decision issued eight years after the Supreme Court's affirmance in Van Dyck noted that the issue of whether a Connecticut court may equitably extend an expired restrictive covenant is an "interesting and unsettled one." Express Scripts, Inc. v. Sirowich, CV 020077109, 2002 Conn. Super. LEXIS 3444 at *29 (Conn. Super. Ct., October 24, 2002) (emphasis added). Moreover, after the Van Dyck and the Express Scripts decisions, several Connecticut state and federal courts have issued injunctions that prohibit defendants from engaging in competitive activities for a time period beyond that set forth in the defendant's contractual covenants. See, e.g., Elizabeth Grady Face First Inc. v. Escavich, 321 F. Supp. 2d 420, 428 (D. Conn. 2004); United Rentals, Inc. v. Frey, Civ. No. 3:10CV1628 (HBF), 2011 U.S. Dist. LEXIS 16375 (D. Conn. Feb. 17, 2011); Edge Technology Svcs., Inc. v. Worley, CV-054008278, 2005 Conn. Super. LEXIS 1804 (Conn.

Super. Ct. July 5, 2005).[1] Although these courts did not expressly discuss the issue of equitable extension of restrictive covenants, they each exercised their inherent authority to issue such injunctions.

The other Connecticut cases cited by Defendant in her May 26th Brief have no relevance to the issue before this Court. They are cases cited for the unremarkable proposition that non-competition agreements should be construed narrowly. They also are cases decided many decades ago as Defendant's citations are from 1919, 1948 and 1971. These decisions pre-date Connecticut's more recent acceptance of the "blue pencil" rule. Under the "blue pencil" rule, Connecticut courts have the authority to modify and reform the parties' contractual non-competition provisions. See, e.g., Grayling Assocs., Inc. v. Villota, CV 040833521, 2004 Conn. Super. LEXIS 1859 at *4 (Conn. Super. Ct. July 12, 2004) (applying "blue pencil" rule to modify non-compete agreement and alter the contractual terms agreed upon by the parties); Group Concepts, Inc. v. Barberino, CV 030286221, 2004 Conn. Super. LEXIS 1036 at *17 (Conn. Super. Ct. April 16, 2004) (same); Gartner Group Inc. v. Mewes, CV 910118332, 1992 Conn. Super. LEXIS 38 at ** 9-12 (Conn. Super. Ct. January 3, 1992) (modifying non-compete agreement and granting permanent injunction).

Although the "blue pencil" rule typically is applied to reduce the scope or duration of a non-competition provision, it also can be used to extend the duration of such a provision. The concept underlying the rule is that courts have broad powers in equity to issue injunctions that serve the interests of justice. In a case where the defendant has breached her non-competition obligations and attempted to conceal that breach from her former employer, such as the case at

---

[1] Copies of all unreported cases cited herein are attached hereto in Appendix A.

bar, equity authorizes the court to extend the defendant's non-competition obligations.[2] Accordingly, this Court should find that it has the authority to enjoin the Defendant from continuing to work for a competitor of Plaintiff and it should schedule a preliminary injunction hearing in this matter.

**B.   Courts In Numerous Jurisdictions Have Authorized Injunctive Relief That Extends Expired Restrictive Covenants.**

As noted in the parties' respective briefs filed on May 26, 2011, there is a significant division among the state and federal courts that have addressed the issue now before this Court. Several courts have held that they are not authorized to enjoin conduct based upon an expired restrictive covenant. See Defendant's May 26th Brief at pp. 3-4. In a number of more recent decisions, however, several courts have held that they do have the equitable authority to issue injunctions that extend the duration of expired restrictive covenants. See Plaintiff's Reply in Support of Its Proposed Scheduling Order dated May 23, 2011 at pp. 5-6, citing TEKsystems, Inc. v. Bolton, Civ. No. RDB-08-3099, 2010 U.S. Dist. LEXIS 9651, at *28 (D. Md. Feb. 4, 2010); CDW LLC v. NETech Corp., 722 F. Supp. 2d 1052, 1066 (D. Ind. 2010); SafeWorks, LLC v. Max Access, Inc., 2009 U.S. Dist. LEXIS 29268 (D. Tex. 2009); Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003); Basicomputer Corp. v. Scott, 973 F.2d 507, 513 (6th Cir. 1992); MedX, Inc. v. Ranger, 788 F. Supp. 288 (E.D. La. 1992) Presto-X-Company v. Ewing, 442 N.W.2d 85, 90 (Iowa 1989); and Rogers v. Runfola, 565 N.E. 2d 540, 544 (Ohio Supreme Ct. 1991). Plaintiff submits that these more recent decisions are better reasoned and more persuasive. They also address important concerns of public policy. Accordingly, for the

---

[2] In reviewing and deciding Defendant's motion to dismiss based on the pleadings, this Court must accept all the allegations in Plaintiff's Complaint as true and construe all inferences in favor of the Plaintiff. See Lutes v. Kawasaki Motors Corp. U.S.A., 2011 U.S. Dist. LEXIS 39990, 4-5 (D. Conn. Apr. 12, 2011); Modis, Inc. v. Bardelli, 531 F. Supp. 2d 314, 318 (D. Conn. 2008).

reasons set forth in these decisions and summarized below, this Court should concur with their analyses and find that it has the equitable authority to extend expired restrictive covenants.

In TEKsystems, Inc., 2010 U.S. Dist. LEXIS 9651, the plaintiff was a technical staffing company that employed the defendant as a recruiter for approximately nine years until the defendant resigned from his employment. Id. at *4. During his employment, the defendant executed a non-compete agreement in which he agreed that for a period of eighteen months after the termination of his employment, he would not provide to a competitor the same services that he had provided to plaintiff. Id. at *3. Plaintiff discovered that shortly after the defendant resigned from his employment, he began working for a competitor in violation of the non-compete agreement. Id. at *5-6. Accordingly, the plaintiff sought an injunction to compel the defendant to comply with his non-compete agreement, which expired during the pendency of the action. Id.[3] The Court granted the plaintiff's motion for an injunction to extend the expired restrictive covenant for eighteen months from the date of the Court's order. In granting the injunction and rejecting the defendant's argument that the request for an injunction was moot, the Court stated, "[Plaintiff] is deserving of prospective relief to prevent any future injury . . . an employer should be given credit for the entire period of non-competition that was originally set in the contract." Id. at **28-29. The Court also noted important policy reasons for granting the injunctive relief that the plaintiff requested: "[I]f the non-compete period is not enforced through equitable extension, it could 'reward the breach of contract, encourage protracted litigation and

---

[3] The defendant resigned from the plaintiff on May 2, 2008 and his non-competition obligations expired eighteen months later on November 2, 2009. Id. at *5-6. The Court did not issue its decision and its injunction until February 4, 2010, approximately three months after the expiration of the contractual non-competition period. Id. at *29-31.

provide an incentive to dilatory tactics'." Id. at *28 (quoting PADCO Advisors, Inc. v. Omdahl, 179 F. Supp. 2d 600, 613 (D. Md. 2002)).[4]

Similarly, in Guy Carpenter & Co., 334 F.3d 459 (5th Cir. 2003), the plaintiff insurance company had employed the defendant as a branch manager for several years pursuant to an employment agreement which contained a non-competition clause. That clause provided that defendant would not, for a period of one year from the termination of his employment, solicit, divert or take away any clients to which the defendant had rendered services during his employment with the plaintiff. Id. at 462. After approximately fifteen years of employment, the defendant resigned, began working for one of the plaintiff's competitors and began soliciting the plaintiff's clients. Id. at 463. When the plaintiff sought to enforce the non-compete agreement through an injunction, the defendant argued that such injunctive relief was no longer available because the defendant's non-compete had expired during the pendency of the action. Id. at 464. The Fifth Circuit Court of Appeals disagreed and held that "injunctions are equitable in nature and district courts may impose injunctions that last beyond a contract provision's expiration date." Id. The Fifth Circuit also explained that, "the expiration of the one-year contract limit does not make this issue moot." Id. It stated that on remand, the district court has the power to

---

[4] Defendant's attempt to distinguish this case from the case at bar is specious. The facts cited by Defendant, namely that the plaintiff in TEKsystems sought damages in addition to an injunction, that there was no arbitration agreement, and that the matter was decided on summary judgment, are of no relevance to the issue currently before this Court. See Defendants May 26th Brief at p. 5. The relief sought by the plaintiff in TEKsystems and by Plaintiff in the case at bar is precisely the same - the equitable extension of expired restrictive covenants based on the defendant's breach of those covenants. Indeed, the relevant facts in TEKsystems are substantially similar to the facts in the case at bar: (i) defendant began working for a competitor during the prohibited period in the restrictive covenant; (ii) defendant breached the restrictive covenant by working for a competitor during the prohibited period; (iii) plaintiff filed suit before the expiration of the restrictive covenant; (iv) the term of the restrictive covenant expired during the pendency of the action; and (v) the court decided plaintiff's motion for injunctive relief after the expiration of the restrictive covenant.

craft an injunction that extends the defendant's non-solicitation obligations beyond their contractual expiration date. Id.

The Court in Presto-X-Company v. Ewing, 44 N.W.2d 85 (Iowa 1989), also recognized important policy reasons in favor of granting an injunction to enforce an expired restrictive covenant. In that case, the plaintiff pest control company employed the defendant technician for several years until it terminated his employment. Id. at 86. At the outset of his employment, the defendant had signed an employment agreement which contained a restrictive covenant that prohibited him from soliciting business from, or performing any services for, any of the plaintiff's customers for a period of two years following the termination of his employment. Id. at 86-87. After the termination of his employment, however, the defendant started his own pest control company, solicited plaintiff's customers and provided services to such customers. Id. at 87. Accordingly, the plaintiff sought an injunction to enforce the restrictive covenant. Id. at 89. Although the trial court denied the plaintiff's request for an injunction, the Iowa Supreme Court reversed the trial court's decision and held that the trial court must grant an injunction to enforce the restrictive covenant between the parties. Id. In so holding, the Court noted that because there were only a few months left of the non-compete period specified in the restrictive covenant, the trial court would be well within its powers to extend the restraint period from the date of the court's order "so as to accomplish full and complete justice between the parties." Id. at 90 (citations omitted). The Court cited several reasons for equitable extension of the expired restrictive covenant at issue:

> First, the integrity of the judicial process must be protected. Were we not to extend the restraint period, defendants in similar cases would be encouraged to inject delay into their litigation with the purposes of using up as much of the original restraint process as possible. Allowing judicial extension of the restraint period will deter delays intended for such purpose . . . . Second, for the same reasons, we think a time restriction is necessary to protect the usefulness of such

> restrictive covenants . . . . Third, the extra restraint time is necessary to give [plaintiff] an opportunity to regain the customers it would not have lost had [defendant] not violated the covenant.

Id. at 90 (citations omitted).

In the case at bar, this Court should find that it does indeed have the authority to enjoin the wrongful conduct of Defendant. As noted in the foregoing cases, courts have the equitable authority to issue injunctive relief that extends an expired restrictive covenant where, as here, a defendant has breached that covenant during its term. The expiration of the restrictive covenant while the action is pending does not render moot a request for injunctive relief. To the contrary, the equitable extension of a restrictive covenant is necessary in such situations to preserve the benefit of the bargain entered into by the parties. As the Court noted in Presto-X-Company, 44 N.W.2d at 90, an injunction is the only way to accomplish justice between the parties and return a plaintiff "to the position it would have been in if [the defendant] had not violated the restrictive covenant." In the case at bar, Defendant promised not to compete with Plaintiff, or solicit or direct Plaintiff's clients, for one year. As set forth in Plaintiff's Complaint, however, Defendant has breached that promise. In order to address that breach, this Court has the authority to enjoin Defendant's conduct and to order specific performance of her non-competition obligations for a one-year period.[5]

In addition, as a matter of public policy, this Court should not create new law that would hamstring the ability of Connecticut courts to enforce restrictive covenants. As noted in

---

[5] In her May 26th Brief, Defendant falsely accuses Plaintiff of pursuing injunctive relief as "an end-run around the arbitration provision in the separation agreement." Defendant's May 26th Brief at p. 4, n. 3. Contrary to Defendant's unsupported assertion, Plaintiff does intend to commence an arbitration proceeding against Plaintiff and to seek monetary damages arising from Defendant's multiple breaches of her obligations. Such an arbitration proceeding, however, is separate and distinct from this action. This Court is the only forum with the authority to enjoin Defendant's wrongful conduct and order her to comply with her contractual obligations.

TEKsystems, Presto-X-Company and the other cases cited above, a rule that renders injunctive relief moot upon the expiration of the restrictive covenant is contrary to the interests of justice. Such a rule would encourage putative defendants to conceal their activities and their alleged breaches in the hope that their wrongdoing will not be discovered until the applicable covenants have expired. Such a rule also would encourage defendants to delay judicial proceedings in an effort to avoid or significantly limit the duration of injunctive orders. Such a rule further would be detrimental to the integrity of the judicial process as it could compel courts to schedule hearings without sufficient discovery and/or issue unduly hurried decisions.

In light of the foregoing, this Court should adopt the reasoning and conclusion set forth in the cases cited above from the federal district courts of Maryland, Indiana, Texas, Louisiana, the Fifth Circuit Court of Appeals, the Sixth Circuit Court of Appeals and several state Supreme Courts. Such reasoning and conclusion are consistent with the Second Circuit Court of Appeals' statement in a non-competition case that "a district court sitting in equity may devise a remedy that extends or exceeds the terms of a prior agreement between the parties if it is necessary to make the injured parties whole." Levitt Corp., 593 F. 2d at 469. Such a conclusion also would be consistent with the practice of the Connecticut federal and state courts of issuing injunctions that extend beyond the contractual expiration dates of restrictive covenants. See, e.g., Elizabeth Grady Face First Inc., 321 F. Supp. at 428; United Rentals, Inc., 2011 U.S. Dist. LEXIS 16375; Edge Technology Svcs., Inc., 2005 Conn. Super. LEXIS 1804. As reflected by the injunctions issued in those cases, this Court has the equitable authority to issue the preliminary injunction sought by Plaintiff. Accordingly, it should schedule a preliminary injunction hearing in this matter.

### C. In The Alternative, This Court Should Certify the Question Regarding the Equitable Extension of Expired Restrictive Covenants to the Connecticut Supreme Court Pursuant to Conn. Gen. Stat. § 51-199b.

For the reasons stated above, this Court has the equitable authority to hear, consider and grant Plaintiff's motion for preliminary injunction. In the event that this Court is not persuaded of its authority to enjoin the Defendant's wrongful conduct though, Plaintiff requests that it certify the issue of a court's authority to equitably extend restrictive covenants to the Connecticut Supreme Court pursuant to Conn. Gen. Stat. § 51-199b (d), which provides:

> The [Connecticut] Supreme Court may answer a question of law certified to it by a court of the United States or by the highest court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state.

Such certification is appropriate where a federal court is faced with an unsettled area of State law and must seek guidance from the State's highest court. See DeOliveira v. Liberty Mut. Ins. Co., 273 Conn. 487, 490 (Conn. 2005); Gerrity v. R.J. Reynolds Tobacco Co., 263 Conn. 120, 131 (Conn. 2003); Ballou v. Law Offices Howard Lee Schiff, P.C., 713 F. Supp. 2d 79, 80 (D. Conn. 2010).

### D.  Conclusion

For the foregoing reasons, this Court has the authority to grant a preliminary injunction in this matter. Accordingly, Plaintiff requests that this Court schedule a preliminary injunction hearing and that it authorize the parties to commence discovery.

                                              Respectfully submitted,

                                              PLAINTIFF,
                                              ALADDIN CAPITAL HOLDINGS LLC

                                              By: /s/ Daniel L. Schwartz
                                                    Daniel L. Schwartz, Esq. (ct09862)
                                                    Jaclyn K. Leung, Esq. (ct27399)
                                                    Day Pitney LLP
                                                    One Canterbury Green
                                                    Stamford, CT 06901
                                                    Telephone: (203) 977-7300
                                                    Facsimile: (203) 977-7301
                                                    dlschwartz@daypitney.com
                                                    jleung@daypitney.com
                                                    Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2011, a copy of Plaintiff's Reply to Defendant's Brief Pursuant to This Court's May 24, 2011 Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel L. Schwartz
Daniel L. Schwartz, Esq.